## COUNTY OF WASHINGTON, AUGUST TERM, 1861, AT SOUTH KINGSTOWN.

PRESENT:

Hon. SAMUEL AMES, Chief Justice.
Hon. GEORGE A. BRAYTON, }
Hon. ALFRED BOSWORTH, } Justices.

---

ABBA CLARKE *v.* HENRY CLARKE and others.

A court of equity will not, in Rhode Island, entertain a bill to establish the rights of a devisee under a lost will, and to enjoin a suit at law by the heirs, where the probate of the will is void for want of notice to interested parties; the proper course of the complainant being, first, to prove the will of her testator before the Probate Court upon due notice, as the basis of her title to the aid of the court, as well as to the devised estate.

BILL IN EQUITY by the plaintiff, claiming as devisee under the will of Simeon Clarke, late of Charlestown, deceased, to establish her rights under the same, and to enjoin a suit at law brought by the heirs at law of said Simeon, to recover possession

of a certain dwelling house and tract of land in said Charlestown, averred in the bill to have been devised by said Simeon to herself and her husband, now deceased, for their respective lives, and with remainder in fee to their daughter, Abba Francis Clarke.

The case went to proof; and it appeared, by the records of the Court of Probate of the town of Charlestown, that, on the 3d day of June, 1848, an instrument, purporting to be the last will and testament of Simeon Clarke, late of Charlestown, deceased, was presented to the court for probate, and was received, read, and referred; that, at a Court of Probate held in said town, on the 31st day of July, 1848, the clerk was directed to give notice, at least three weeks preceding the 11th day of September, then next ensuing, in three public places in the town, " for the approval or disapproval of the last will and testament of Simeon Clarke, late of this town, deceased, on the day above mentioned;" that, on the 11th day of September, at a Court of Probate then holden in said Charlestown, the subject of the approval or disapproval of the will of Simeon Clarke was postponed to the next session of the court, on the 23d day of October, 1848, and on that day, until the first Monday of December, 1848, notice of the postponement being given, at which time, the record recites: " The subject of the loss of the last will and testament of Simeon Clarke, late deceased, was taken into consideration. The clerk having stated to the court, at several of its former sessions, the circumstances relative to the loss of said will, on his solemn affirmation now testified that the said will is not in his possession, and that said will passed out of his possession without his knowledge. He further testifies that he has made diligent search for said will at various times, and is unable to give any information that might lead to the discovery of the same."

At the same court, an administrator was appointed on the estate of said Simeon, who subsequently gave bond and returned an inventory; and on the 4th day of November, 1850, returned his final account of administration, for settlement; and the estate, real and personal, seems to have been proceeded with as an intestate estate. Here the matter seemed to have rested until the third day of January, 1853, when the Court of Probate of

Charlestown, without any notice to the parties interested, took proof of the execution of the will from one of the subscribing witnesses, and of its presentment to the Court of Probate, loss, and contents, from several other witnesses, and passed a decree approving the lost will as and for the will of Simeon Clarke, and ordered their decree to be recorded, and the statements of the several witnesses by them examined to be kept on the files of the court.

The heirs at law of Simeon Clarke having, at the August term of this court for the county of Washington, 1856, brought an action of trespass and ejectment against a tenant of the complainant, to recover possession of the house and lot claimed by the plaintiff as a devisee of said Simeon, she brought this bill to establish her rights as devisee, and to enjoin said suit.

Proof was taken on the part of the complainant, tending to prove the execution, loss, and contents of the will, and on the part of the respondents, the heirs at law of Simeon Clarke, for the purpose of showing that the will was a forgery, withdrawn secretly for fear of detection; but as nothing turned upon this testimony, in the opinion of the court, it is deemed unnecessary to recite it here.

*Dixon, for the complainants.*

*W. Updike, for the respondents.*

AMES, C. J. We have before had occasion to consider, that in the partition of powers amongst the courts of this State, this court, sitting in chancery, has no original jurisdiction over the probate of wills, whether of real or personal property; such jurisdiction being vested, by law, exclusively in the courts of probate, with an appeal to this court, as the supreme court of probate. *Olney and others* v. *Angell, adm'r,* 5 R. I. Rep. 198, 202. The complainant's title to relief depends upon the will of the late Simeon Clarke, the probate of which, produced, is simply void for want of notice to the parties interested; and which, without due probate, or admission of its validity in the answer, can no more furnish evidence of title to realty in equity, than at law. *Supra.* The proper course of the complainant was, to prove the will of her testator before the Court of Probate of the town of Charlestown, upon due notice to all persons interested,—the

power of that court extending to the proof of lost wills, as well as of wills before them at the time of proof. She began in this way; but her decree of probate failing for want of notice, she improperly comes here for aid, instead of retracing her steps and correcting her errors in the place where she made them. This bill, which shows no ground for equitable relief or assistance, must be dismissed with costs.